[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12653

Non-Argument Calendar

_____

JABARI LUCKETT,

Plaintiff-Appellee,

*versus*

RANDALL CHAMBERS,
Investigator for Columbia County, PD,
in his official capacity, et al.,

Defendants,

NAPOLEAN JONES,
Officer of Wrens, PD,

2                    Opinion of the Court                    21-12653

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:19-cv-00199-JRH-BKE

———————————

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Napolean Jones appeals from the district court's denial of summary judgment based on qualified immunity on Jabari Luckett's claims of malicious prosecution. Jones contends he was entitled to qualified immunity from Luckett's claims because he acted with arguable probable cause in securing each of the ten arrest warrants against Luckett for forgery of a financial transaction card.

## I. DISCUSSION

We review *de novo* a district court's denial of qualified immunity. *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010). In an appeal of such a ruling at summary judgment, we view the facts in the light most favorable to the non-movant and draw all inferences in his favor. *Bryant v. Jones*, 575 F.3d 1281, 1295 (11th Cir. 2009).

An arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment. *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). To receive qualified immunity, an officer need not establish actual probable cause, but only that he had "arguable probable cause" to arrest or prosecute. *Id.* at 1257 (quotation marks omitted). Arguable probable cause is present where reasonable officers, in the same circumstances and possessing the same knowledge as the defendant, could have believed that probable cause existed. *Id.* An officer should not be held personally liable when he reasonably, but mistakenly, concludes that probable cause exists. *Id.* Whether an officer possesses arguable probable cause depends on the elements of the alleged crime and the operative fact pattern. *Skop v. City of Atlanta*, 485 F.3d 1130, 1137-38 (11th Cir. 2007). Under Georgia law, forgery of a financial transaction card is defined as falsely encoding, duplicating, or altering the existing encoded information on a financial transaction card with intent to defraud the purported issuer. O.C.G.A. § 16-9-32(a)(2).

The evidence shows that Jones acted with at least arguable probable cause to support securing ten arrest warrants for forgery of a financial transaction card, including the two Fred's cards at issue, and is thus entitled to qualified immunity. *See Grider*, 618 F.3d at 1256. The undisputed evidence presented to the district court is that Investigator Randall Chambers scanned 11 cards that were confiscated from Luckett and found that 10 of them had numbers encoded in the magnetic strip that did not match the numbers

printed on the front.  Luckett acknowledged that "[i]f this is true it would be forgery," but did not present any evidence to dispute Chambers's findings.  While Luckett asserted the encoded numbers on the Fred's cards were identical to the printed numbers, he only provided evidence (the same evidence Jones presented) that the final four digits of each number were identical.  The evidence that the encoded numbers were not identical to the printed numbers gave Jones a reasonable belief that Luckett had falsely encoded or altered the existing information on a financial transaction card in violation of O.C.G.A. § 16-9-32(a)(2).  Based on that undisputed evidence, there was arguable probable cause to obtain arrest warrants for those violations.

The district court erred in determining that an inconsistency between Jones's incident report and his arrest warrant affidavits created a factual issue precluding summary judgment because there was not a factual issue, or an inconsistency, when the evidence from the investigation is considered.  It is undisputed, as reflected in the incident report, that the Fred's cards were validly purchased on September 13, 2016, and Jones learned that fact on September 17, 2016.  It is also undisputed, as reflected in the affidavits, that on September 20, 2016, Jones learned from Chambers that the numbers printed on those cards did not match the numbers encoded on their magnetic strips.  And it is undisputed that the cards were seized from Luckett's person on September 16, 2016.  That evidence establishes that when Jones prepared the affidavits for the warrants on September 23, 2016, Jones had arguable probable

cause to believe Luckett had unlawfully altered the cards after they were validly purchased.

Importantly, even if Jones had included in the warrants the information that the Fred's cards had been validly purchased, arguable probable cause existed. The omission of that information was not necessary to support the warrants. *See Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020) (stating a plaintiff may show his arrest warrant was unconstitutional by showing an officer intentionally or recklessly made misstatements or omissions necessary to support the warrant).

## II.  CONCLUSION

Accordingly, we reverse the district court's denial of qualified immunity to Jones and remand with instructions to grant Jones's motion for summary judgment as to Luckett's malicious prosecution claims.

**REVERSED and REMANDED.**